IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SATURN TRANSPORT, INC.,

    Plaintiff,                      No. CIV S-07-2447 LEW DAD PS

    vs.

STATE OF CALIFORNIA, et al.,        FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        On November 14, 2007, plaintiff Saturn Transport, Inc. filed a complaint and paid the required filing fee. Because the corporation purports to be proceeding "in pro per," the proceeding was referred to the undersigned pursuant to Local Rule 72-302(c)(21). By order filed on November 15, 2007, plaintiff was granted fifteen days in which to appear through counsel. The fifteen-day period has expired, and plaintiff has not made an appearance through counsel.

        "A corporation or other entity may appear only by an attorney." Local Rule 83-183(a). Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities "pro se." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . [T]hat rule applies equally to all artificial entities."); United States v. High

1

Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder).

An unlicensed individual has filed a document that purports to be a response to the court's November 15, 2007 order. The document is not signed and does not identify the individual's relationship to Saturn Transport, Inc. The document indicates that Saturn Transport, Inc. was dissolved in 2005 and contains a request that the court "allow this complaint to be amended to change the name of the Plaintiff." There is no indication of the name to be substituted for Saturn Transport, Inc. and no proposal to amend the complaint in any other way. The name of the plaintiff cannot be amended for the purpose of avoiding the rule that requires a corporation to appear through licensed counsel. See High County Broadcasting Co., 3 F.3d at 1245 (holding that the district court properly denied a motion to intervene filed by the president, statutory agent, and sole shareholder of the corporation where the proposed intervenor's interests were identical to the corporation's and the purpose of the intervention was to avoid the rule under which the corporation could appear only through licensed counsel). See also D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 974 (9th Cir. 2004) (holding that a corporate officer's signing of a notice of appeal did not render the notice invalid but failure to obtain counsel before filing further pleadings and motions deprived the appellate court of jurisdiction over all claims asserted on appeal). The non-party filer's request to amend the name of the plaintiff is therefore denied.

Plaintiff was forewarned that its failure to appear through counsel would result in a recommendation that the assigned district judge dismiss this action without prejudice to the filing of a new action with counsel. See Fed. R. Civ. P. 41(b); Local Rule 11-110.

/////

/////

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed due to plaintiff Saturn Transport, Inc.'s failure to appear through counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after these findings and recommendations are served by the Clerk of the Court, plaintiff may file any written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\saturntransportinc2447.f&r

3